IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHANIEL F. HARBERT,

        Plaintiff,

    v.

MARK PATTON, et al.,

        Defendants.

Case No. 2:17-cv-01931-HZ

ORDER

HERNANDEZ, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Temporary Restraining Order (#12) and Motion for Preliminary Injunction (#13). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Defendants have not yet waived service

1 - ORDER

in this matter, nor have they been served. As such, Plaintiff's Motions are premature and the Court lacks jurisdiction to enforce an injunction.

Even if Plaintiff's Motions were not premature, he would nevertheless not be entitled to the preliminary injunctive relief he seeks. Plaintiff asks the Court to order Defendants to provide him with hernia surgery immediately. The purpose of a preliminary injunction is to maintain the relative position of the parties, not alter it. In this respect, mandatory injunctions which go beyond the status quo are particularly disfavored. *Marlyn Nutraceuticals, Inc v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (9th Cir. 2009); *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). Plaintiff's request for immediate hernia surgery does not serve the purpose of preserving the parties' positions relative to each other.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order (#12) and Motion for Preliminary Injunction (#13) are denied.

IT IS SO ORDERED.

DATED this __2__ day of ~~February~~ March, 2018.

_Marco Hernandez_
Marco A. Hernandez
United States District Judge

2 - ORDER